IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                )
EDMUND M. ABORDO,               )
                                )
                  Plaintiff,    )
                                )
v.                              ) Civ. No. 15-00279 ACK-BMK
                                )
MOBI PCS, MARK MONTGOMERY, JULI )
PRICE, and BILL JARVIS          )
                                )
                  Defendants.   )
_____)

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANTS' COUNTER MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the Court DENIES Plaintiff's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 15, DENIES Plaintiff's Motion for Summary Judgment, ECF No. 11, and GRANTS Defendants' Counter Motion for Summary Judgment, ECF No. 20.

**PROCEDURAL BACKGROUND**

On July 24, 2015, Plaintiff Edmund M. Abordo ("Abordo" or "Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants Mobi PCS,[1] Mark Montgomery, Juli

_____

[1] Defendants note that non-party Coral Wireless, LLC does business as "Mobi PCS," and that no entity is capable of being sued as "Mobi PCS." Defs.' Answer to Compl. at 2 n.1, ECF No. 7; Decl. of Bill Jarvis ¶ 3, ECF No. 21-2.
    The Federal Rules of Civil Procedure recognize a plaintiff's right to amend its pleadings and, specifically, to amend a pleading in order to correctly name a party against whom

Price, and Bill Jarvis (collectively, "Defendants").  42 U.S.C.

§ 1983 Civil Rights Compl. ("Complaint"), ECF No. 1.  In his

Complaint, Abordo alleges violations by Defendants of the United

States Constitution and both federal and state laws as a result

of Defendants' interception of Abordo's emails and text messages

without a warrant or Abordo's consent.  Id. at 1, 5-6.

Defendants filed an Answer to the Complaint on August 14, 2015.

Defs.' Answer to Compl. Filed on July 24, 2015 ("Answer"), ECF

No. 7.

On October 14, 2015, Abordo filed a Motion for Summary

Judgment as to his claims of violation of his civil rights under

the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of

the United States Constitution.[2]  Pl.'s Mot. for Summ. J. Ex. "A"

---

a claim is asserted.  See Fed. R. Civ. P. 15(c).  While this
Court would normally grant Abordo leave to file an Amended
Complaint properly naming Coral Wireless, LLC as a defendant in
this action, given the Court's decision to grant summary
judgment to Defendants on the instant § 1983 claim, the Court
notes that this would be a moot exercise.  Instead, the Court
will construe Abordo's naming "Mobi PCS" as a defendant as if he
had properly named Coral Wireless, LLC as a defendant, and will
treat Defendants' pleading, memoranda, and motion as though they
were brought on behalf of Coral Wireless, LLC.  See Draper v.
Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (treating pro se
plaintiff with "great leniency" in evaluating his adherence to
the technical rules of civil procedure).

[2] The Court notes that in filing his Motion for Summary Judgment,
Abordo violated the Local Rules by failing to include "a
separate concise statement detailing each material fact as to
which the moving party contends that there are no genuine issues
to be tried that are essential for the court's determination of
the summary judgment motion."  Local Rule 56.1(a).  Abordo has

("Pl.'s MSJ") at 1, ECF No. 11.  On October 20, 2015, Abordo

also filed a Motion for Judgment on the Pleadings, claiming that

Defendants had violated his civil rights by intercepting his

emails and text messages without his consent or a warrant.

Pl.'s Mot. for J. on the Pleadings Pursuant to Fed. R. Civ. P.

12 (c) ("Pl.'s 12(c) Motion") at 1, 3, ECF No. 15.

On January 7, 2016, Defendants filed an Opposition to

Plaintiff's Motion for Judgment on the Pleadings, claiming that

Abordo had failed to establish any material facts indicating

that Defendants should be held liable under a § 1983 claim.

Defs.' Mem. in Opp. to Pl.'s 12(c) Motion Filed on Oct. 20, 2015

("Defs.' Opp.") at 2, ECF No. 19.  That same day, Defendants

also filed a Counter Motion for Summary Judgment, ECF No. 20, a

Memorandum in Opposition to Plaintiff's Motion for Summary

Judgment and in Support of Defendants' Counter Motion ("Defs.'

MSJ"), ECF No. 20-1, and a Concise Statement of Facts in support

thereof ("Defs.' CSF"), ECF No. 21.  Again, Defendants argued

that the Court should deny Abordo's Motion for Summary Judgment,

given his alleged failure to properly state a § 1983 claim.

Defs.' MSJ at 2.  For the same reason, Defendants claimed that

---

further violated the Local Rules by attaching his supporting
exhibits to his motion, rather than to a separate concise
statement of facts.  See Local Rule 56.1(h).  Because Abordo is
proceeding pro se, the Court will nevertheless consider his
motion.  The Court cautions Abordo, however, that further
filings in violation of the Local Rules will not be permitted.

summary judgment in favor of Defendants was proper.  Id. at 2, 18.

Abordo did not file an Opposition to Defendants' Counter Motion for Summary Judgment, nor did he file a Reply in support of his Motion for Judgment on the Pleadings or his Motion for Summary Judgment.

The Court held a hearing regarding the instant motions and the motions in a related case on February 22, 2016.[3]

### FACTUAL BACKGROUND

This case involves the issuance by the Hawaii Department of Commerce and Consumer Affairs Office of Consumer Protection ("OCP") of subpoenas to Coral Wireless, LCC ("Coral"), requesting the phone records and subscriber information of a cell phone belonging to non-party Deborah Ann Hokulani Joshua.  Id. at 3.  Between May and October 2014, the OCP issued to Coral four subpoenas seeking all phone records for the cell phone for the period from January 1, 2013 through May 29, 2014, and from September 1, 2014 through October 8, 2014.  Decl. of Mark Montgomery ¶¶ 3-7, ECF No. 21-3.  A fifth subpoena requested subscriber information for the cell phone.  Id. ¶ 8.

---

[3] A lawsuit involving nearly identical facts and claims as those at issue was brought by Deborah Ann Hokulani Joshua against Defendants.  See Joshua v. Mobi PCS et al., Civ. No. 15-00311 ACK-BMK.  The Court's February 22, 2016 hearing also addressed Ms. Joshua's Motion for Judgment on the Pleadings and Motion for Summary Judgment, as well as Defendants' Counter Motion for Summary Judgment in that case.

The OCP used the information it obtained from Coral in a civil court proceeding against Joshua.  Complaint at 4.  The messages allegedly contained privileged communications between Joshua and Plaintiff Abordo, who acted as her paralegal. Complaint at 6.

Defendants Mark Montgomery, William Jarvis, and Juli Price are employees of Coral, which does business in Hawaii as Mobi PCS.  Defs.' CSF ¶¶ 2, 4.  During the relevant time period, Defendant Montgomery was a Senior Customer Care Technical Support Representative at Coral.  Decl. of Mark Montgomery ¶ 2. Jarvis is Coral's President and CEO, and Price is Jarvis' Executive Assistant.  Decl. of Bill Jarvis ¶ 2; Decl. of Juli Price ¶ 2, ECF No. 21-4.

Prior to May 27, 2014, when Coral was served with the initial subpoena, no Defendant had any interaction with the OCP regarding the matters encompassed by the subpoenas.  Defs.' CSF ¶ 5.  Montgomery alone responded to the subpoena requests on behalf of Coral.  Id. ¶ 6.  He interacted only with Amelia Partlow of the OCP, and only through email communications and three in-person meetings lasting less than five minutes each in order to sign written declarations regarding the subpoenas.  Id. ¶¶ 6, 11.

Neither Defendant Jarvis nor Defendant Price had any contact with anyone at the OCP regarding the subpoenas or

related matters.  Id. ¶¶ 7, 8.  Additionally, neither Jarvis nor Price was aware of the subpoenas until after Coral had received and responded to them.  Decl. of Bill Jarvis ¶ 5; Decl. of Juli Price ¶¶ 3-4.  Price became aware of the subpoenas for the first time when Plaintiff Abordo and Joshua visited Coral's offices on or around January 9, 2015 to resolve the instant matter.  Decl. of Juli Price ¶ 3; Complaint at 4.

## STANDARD

### I.   Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."  Judgment on the pleadings is properly granted "when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  Chavez, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and original alteration omitted).

Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.  Id. The Court must therefore assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1131 (9th Cir. 2012) (<u>Iqbal</u> applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are functionally equivalent).

Judgment on the pleadings under Rule 12(c) is limited to material included in the pleadings, unless the Court elects to convert the motion into one for summary judgment. <u>Yakima Valley Mem'l Hosp. v. Dep't of Health</u>, 654 F.3d 919, 925 n.6 (9th Cir. 2011). Rule 12(d) gives the Court "discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." <u>Hamilton Materials, Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1207 (9th Cir. 2007).

The Court must accept as true the facts as pleaded by the nonmovant, and will construe the pleadings in the light most favorable to the nonmoving party. <u>U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1053 (9th Cir. 2011); <u>Doyle v. Raley's Inc.</u>, 158 F.3d 1012, 1014 (9th Cir. 1998). Additionally, mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" are not sufficient. <u>Twombly</u>, 550 U.S. at 555. Thus, the Court discounts conclusory statements, which are not entitled to a

presumption of truth, before determining whether a claim is plausible.  Iqbal, 556 U.S. at 678.  However, "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."  Harris, 682 F.3d at 1131 (citation omitted).

## II.  Summary Judgment

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Broussard v. Univ. of Cal. at Berkeley, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323); see also Jespersen v. Harrah's Operating Co., 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden

under Rule 56 [(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586–87 (1986) (citation and internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citing Anderson, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587; see also Posey v. Lake Pend Oreille Sch. Dist. No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor").

### III. Special Considerations for Pro Se Litigants

Abordo is proceeding pro se. The Ninth Circuit has repeatedly cautioned that pro se litigants must be treated with

liberality.  <u>See, e.g.</u>, <u>Waters v. Young</u>, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").  Thus, when considering a motion for summary judgment against a pro se plaintiff, the Court must consider as evidence the pro se party's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where the pro se party has attested under penalty of perjury that the contents of the motions or pleadings are true and correct.  <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004).

Nonetheless, pro se litigants must follow the same rules of procedure that govern other litigants.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  "Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se."  <u>Swimmer v. IRS</u>, 811 F.2d 1343, 1345 (9th Cir. 1987).  The court is not required to provide a non-prisoner pro se litigant with notice of the summary judgment rules.  <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1223 (9th Cir. 2007).

## <u>DISCUSSION</u>

Abordo alleges that Defendants violated federal and state laws by intercepting his emails and text messages without

a warrant or his consent.  Complaint at 1, 5-6.  He seeks relief

under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the
> District of Columbia, subjects, or causes to
> be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress[.]

"Section 1983 does not create any substantive rights,

but is instead a vehicle by which plaintiffs can bring federal

constitutional and statutory challenges to actions by state and

local officials."  Anderson v. Warner, 451 F.3d 1063, 1067 (9th

Cir. 2006).  To prevail on his § 1983 claim against Defendants,

Abordo must prove two essential elements:  (1) "that a right

secured by the Constitution or laws of the United States was

violated," and (2) "that the alleged violation was committed by

a person acting under the color of State law."  Long v. Cty. Of

Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

        In determining whether a private party acted under

color of state law, the court will "start with the presumption

that private conduct does not constitute governmental action."

Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835

(9th Cir. 1999).  Thus, in order for private conduct to be

considered state action for purposes of a § 1983 claim,
"something more must be present."  Id. (internal quotation marks
omitted).  "[S]tate action may be found if, though only if,
there is such a close nexus between the State and the challenged
action that seemingly private behavior may be fairly treated as
that of the State itself."  Brentwood Acad. v. Tenn. Secondary
Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal
quotation marks omitted).

## I.   Judgment on the Pleadings

Abordo asks this Court to grant judgment on the
pleadings in his favor, alleging that in their Answers,
"Defendant's [sic] conceded the issue of not asking for consent
and not having a warrant to pass on the [P]laintiff's text
messages . . . ."  Pl.'s 12(c) Motion at 3.  Defendants counter
that Abordo's motion should be denied because "(1)
Plaintiff . . . failed to allege any material facts to show how
Defendants should be held liable under § 1983, and (2) the facts
set forth by Plaintiff are nothing more than conclusory
statements and insufficient to establish liability."  Defs.'
Opp. at 2 (internal quotation marks omitted).

In his Complaint, Abordo brings a § 1983 claim against
Defendants, who are a private corporation and its employees.
Answer § 6.  The Ninth Circuit has held that "private parties
are not generally acting under color of state law, and . . .

- 12 -

conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).

Critically, Abordo's Complaint fails to allege any material facts showing that Defendants, in responding to the OCP's subpoenas, violated any of his rights or acted under color of state law, as required under a § 1983 claim.  Instead, Abordo's Complaint consists of recitations of various laws and legal standards; bald claims that Defendants turned over information to the OCP without first obtaining a warrant; and conclusory statements that Defendants violated Abordo's Constitutional rights and federal and state laws.

For example, Abordo simply makes reference to The Wiretap Act of 1968 (18 U.S.C. §§ 2510-2522) without pleading any specific facts.  Complaint at 1-2.  Additionally, he brings a cause of action alleging that Defendants violated HRS § 711-1111 by intercepting his emails without a warrant.  <u>Id.</u> at 4-6. However, HRS § 711-1111, which involves the violation of privacy in the second degree, is a criminal statute for which Abordo lacks standing to bring a claim.  <u>See</u> <u>Sailoia v. Municipal Services Bureau</u>, Civ. No. 13-00544 HG-RLP, 2014 WL 3389395 (D. Haw. July 9, 2014).

Abordo also alleges that Defendants used illegally-gathered evidence against non-party Joshua in a court proceeding in violation of 18 U.S.C. § 2515.  Complaint at 5-6.  In addition to the fact that Abordo does not have standing to bring such a claim, this claim also appears to have been brought against the wrong party, as any claim alleging improper use of evidence in Joshua's court proceeding would more appropriately be brought against non-party OCP.  Similar problems exist with Abordo's reference to 18 U.S.C. § 2516, which provides the procedure for obtaining authorization for interception of electronic communications.  <u>See</u> Complaint at 2, 5-6.  Again, Coral and its employees are the wrong defendants against whom to bring such a claim.

In short, none of Abordo's allegations contain sufficient factual matter to state a claim to relief that is plausible on its face.

Additionally, Defendants assert as an affirmative defense that complying with a subpoena does not constitute acting under color of state law for § 1983 purposes.  Answer ¶ 24.  Furthermore, Abordo has offered no material facts to suggest that Defendants' private conduct constituted "something more," sufficient to conflate that conduct with governmental action.

Finally, multiple questions of material fact remain that preclude the Court from granting judgment on the pleadings. In their Answers, Defendants deny many of the factual allegations contained in the Complaint, or otherwise state that they are without sufficient knowledge or information to form a belief as to their truth or falsity, and therefore deny the allegations on that basis.  See, e.g., id. ¶ 3.  For example, Defendants deny Abordo's allegation that Montgomery failed to follow the appropriate laws in place in handing over cell phone information to the OCP.  Id. ¶ 7.  Defendants also deny that the OCP obtained text messages that Plaintiff Abordo and Joshua sent each other regarding court procedures and the issuance of warrants.  Id. ¶ 8.  Construing the pleadings in the light most favorable to Defendants, the Court finds that Abordo has failed to allege facts sufficient to support a grant of judgment on the pleadings.

For the foregoing reasons, the Court DENIES Abordo's Motion for Judgment on the Pleadings.

## II. Summary Judgment

### a. Abordo's Motion for Summary Judgment

Abordo has also filed a Motion for Summary Judgment on the basis that Defendants violated his civil rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.  Pl.'s MSJ at 1.  Defendants have filed a Counter Motion for Summary

Judgment, alleging that "Defendants cannot be considered state actors for § 1983 purposes under any applicable test used by courts to find § 1983 liability." Defs.' MSJ at 2.

As stated above, to succeed on his § 1983 claim Abordo must prove two elements: (1) "that a right secured by the Constitution or laws of the United States was violated," and (2) "that the alleged violation was committed by a person acting under the color of State law." Long, 442 F.3d at 1185.

Again, Abordo has failed in his Motion for Summary Judgment to allege any material facts suggesting that Defendants, as private actors, acted under color of state law in complying with the OCP's subpoena requests. Abordo attempts to argue that Defendants acted under color of state law "because when the State submits legal papers to commence legal documents, Mobi PCS, [sic] became an agent of the State, acting in the capacity of the State." Pl.'s MSJ at 4. However, Abordo cites to no legal authority in support of this contention.

Elsewhere, Abordo states that "once Mobi PCS accepted the subpoena, it became a state agent subjected to color of State Law, because of state statutes." Id. at 10. Abordo cites to Monroe v. Pape, 365 U.S. 167 (1961), in support of this assertion. However, it is unclear how this case supports his argument, especially since this case does not discuss facts

similar to those in the instant case, i.e. a private party's response to a subpoena.

In light of the foregoing, the Court finds that Abordo has failed to prove that Defendants acted under color of state law in turning over cell phone information in response to the OCP's subpoenas.  For this reason alone, the Court must deny Abordo's Motion for Summary Judgment, as he has failed to prove an essential element of his § 1983 claim.

However, even under a liberal construction of 42 U.S.C. § 1983, Abordo has failed to allege any facts indicating Defendants deprived him of any of his rights sufficient for a grant of summary judgment.  First, Abordo asserts that Defendants have violated his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights.  Pl.'s MSJ at 1.  However, nowhere in his Motion does he state any facts specifically addressing how these rights have been violated.

Next, Abordo again alleges violation of HRS § 711-1111, which, as explained above, does not provide a private right of action.  See supra Section I; see also Pl.'s MSJ at 2-4.  Similarly, Abordo's claim that Defendants violated 18 U.S.C. § 2515 (prohibition of use as evidence of intercepted wire or oral communications) fails for the reasons discussed above.  See supra Section I; see also Pl.'s MSJ at 2-3.

Finally, Abordo raises arguments regarding the Stored Communications Act.  Pl.'s MSJ at 7-8.  The Stored Communications Act "prevents 'providers' of communication services from divulging private communications to certain entities and/or individuals."  Quon v. Arch Wireless Operating Co., 529 F.3d 892, 900 (9th Cir. 2008) (reversed on other grounds).  Under certain circumstances, however, governmental entities may compel communication services providers to turn over information in response to properly issued warrants or subpoenas.  See 18 U.S.C. § 2703.  Here, whether a warrant or subpoena was required depends on such questions as the type of provider that Coral is, as well as the length of time the requested private communications had been in storage.  See id.; Quon, 529 F.3d at 900.  However, yet again, Abordo has failed to articulate facts sufficient to prove his rights were violated under the Stored Communications Act.

For all of the foregoing reasons, the Court DENIES Abordo's Motion for Summary Judgment.

### b. Defendants' Motion for Summary Judgment

Defendants bring a Counter Motion for Summary Judgment, alleging that the Court should grant judgment on Abordo's § 1983 claim in their favor on the basis that Defendants are not state actors.  Defs.' MSJ at 18.

As noted above, in order for private conduct to constitute state action, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood, 531 U.S. at 295.  Determination of whether private action should be fairly treated as State action is a fact-specific exercise, and the Supreme Court has articulated numerous tests for making that determination.  Id. at 295-96. For example, the Supreme Court has held that "a challenged activity may be state action when it results from the State's exercise of coercive power . . . [;] when the State provides significant encouragement, either overt or covert . . . [;] when a private actor operates as a willful participant in joint activity with the State or its agents . . . [;] when [the private party] is controlled by an agency of the State . . . [;] when [the private party] has been delegated a public function by the State . . . [;] when [the private party] is entwined with governmental policies . . . [;] or when government is entwined in [the private party's] management or control."  Id. at 296.

Here, Defendants interacted with the OCP for the sole purpose of responding to five subpoenas.  Defendant Montgomery was the only named defendant who had any interaction with the OCP regarding the matters in the instant case, and only began communicating with the OCP agent after the first subpoena was

issued.   His communications with the OCP consisted of a series
of email communications regarding the subpoenas and three brief
in-person meetings to sign written declarations regarding the
same.   Neither Defendant Jarvis nor Defendant Price had any
interaction with anyone from the OCP regarding the subpoenas,
and neither Defendant was even aware that the subpoenas had been
issued or responded to until well after the fact.

On these facts, the Court finds that Defendants, in
simply responding to the subpoenas, did not act in joint
activity with the State, nor were they carrying out governmental
functions or entwined in governmental policies.   There is no
evidence that the OCP provided significant encouragement to
Defendants, nor that the OCP exerted control over Defendants.

The Court notes that, while a subpoena may exert a
coercive influence, issuance of a subpoena alone does not rise
to the level of coercion necessary to deem a private party a
State actor.   See Sutton, 192 F.3d at 842 (holding that
"governmental compulsion alone" was not sufficient to hold a
private defendant liable as a governmental actor); see also
Kirtley v. Rainey, 326 F.3d 1088, 1092, 1094 (9th Cir. 2003)
(recognizing "governmental compulsion or coercion" as one test
used to identify state action, and explaining that "the
compulsion test considers whether the coercive influence . . .

of the state effectively converts a private action into a government action").

In Sutton, plaintiff, a prospective employee, brought suit against a hospital when the hospital refused to hire him because he failed to provide his social security number as required by federal law.  Sutton, 192 F.3d at 829-30.  Plaintiff claimed that his religion prevented him from providing the hospital with this information, and sued the hospital for violation of the Religious Freedom Restoration Act ("RFRA"), which provides that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."  Id. at 829, 834; 42 U.S.C. § 2000bb-1(a).  Noting that judicial interpretation of the phrase "acting under color of law," as used in 42 U.S.C. § 1983, applies identically in a RFRA analysis, the court canvassed Supreme Court case law on § 1983 claims to determine when a private defendant may be held liable as a governmental actor on a theory of governmental compulsion.  Id. at 834-43; see also 42 U.S.C. § 2000bb-2 (defining "government" under RFRA to include any person "acting under color of law").

The court ultimately found that, because the hospital had simply complied with a federal law requiring it to obtain the prospective employee's social security number, the hospital

was not acting under color of law.  Sutton, 192 F.3d at 839.

The court explained:

> Supreme Court precedent does *not* suggest
> that governmental compulsion in the form of
> a generally applicable law, without more, is
> sufficient to deem a private entity a
> governmental actor.  Instead, the plaintiff
> must establish some other nexus sufficient
> to make it fair to attribute liability to
> the private entity.  Typically, the nexus
> has consisted of participation by the state
> in an action ostensibly taken by the private
> entity, through conspiratorial agreement . .
> . , official cooperation with the private
> entity to achieve the private entity's goal
> . . . , or enforcement and ratification of
> the private entity's chosen action . . . .

Sutton, 192 F.3d at 841 (emphasis added); see also Stratton v.

Buck, 498 F. App'x 674, 676 (9th Cir. 2012) (finding that a

private doctor was not acting under color of law in providing

treatment to a patient when federal law required her to provide

such treatment); Keenan v. First Cal. Bank, 488 F. App'x 190,

194 (9th Cir. 2012) (finding private bank was not acting under

color of law when it withheld funds contained in plaintiff's

personal bank account and later transferred those funds to the

Franchise Tax Board, since bank was acting pursuant to an Order

to Withhold from the Franchise Tax Board and the laws of the

State of California); Sykes v. Bank of Am., 723 F.3d 399, 407

(2d Cir. 2013) (finding private bank was not acting under color

of law when it froze plaintiff's bank account in response to a

restraining order from a state entity, and characterizing the

bank's conduct as a "compulsory, mechanical action carrying the state entity's decision into effect").

Here, Coral merely complied with subpoenas issued to it by a governmental entity, and Abordo has been unable to establish any additional nexus sufficient to hold Defendants liable as State actors for this compliance.  Indeed, Abordo presents no evidence of any sort of conspiracy between Defendants and the OCP, nor is there any indication that turning over information to the OCP in response to the subpoenas was done on Defendants' own initiative or in pursuit of Defendants' personal goals.

For these reasons, the Court finds as a matter of law that Defendants did not act under color of state law, and that Abordo's § 1983 claim against Defendants consequently fails. The Court therefore GRANTS Defendants' Counter Motion for Summary Judgment on Abordo's § 1983 claim.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Abordo's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), DENIES Abordo's Motion for Summary Judgment, and GRANTS Defendants' Counter Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, February 25, 2016.



Alan C. Kay
Sr. United States District Judge

Abordo v. Mobi PCS et al., Civ. No. 15-00279 ACK-BMK, Order Denying Plaintiff's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), Denying Plaintiff's Motion for Summary Judgment, and Granting Defendants' Counter Motion for Summary Judgment.